**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**KENNETH MULLER,**

**Plaintiff,**

**v.** **Case No.: 5:25-cv-00611-JSM-PRL**

**ADDITION FINANCIAL CREDIT UNION, DRAGON RECOVERY, LLC,**

**Defendants,**
**____________________________________/**

**ORDER**

This matter is before the Court on Plaintiff's motion to compel discovery responses from Defendant Addition Financial Credit Union. (Doc. 39). On May 7, 2026, Plaintiff served Defendant with interrogatories and a request for production. (Doc. 39-1). Defendant's response to the discovery requests was due by June 8, 2026. Plaintiff's counsel represents that he repeatedly reached out to defense counsel in efforts to obtain the discovery responses, but that his efforts were unsuccessful.[1] Accordingly, he filed the instant motion on August 18, 2026.

In response, Defendant advises that it has now responded to the discovery requests. However, pursuant to Fed.R.Civ.P. 37(a)(5)(A),[2] when discovery responses are provided after

---

[1] Plaintiff's counsel attached email correspondence to the instant motion showing that he emailed defense counsel on June 11, 2026, and June 16, 2026, to address the outstanding discovery requests. (Doc. 39-1 at 14). In the motion, Plaintiff's counsel represents that he also contacted defense counsel on July 10, 2026, July 17, 2026, and July 22, 2026. He asserts that he finally spoke with defense counsel on July 27, 2026, and then subsequently followed up via phone on August 5, 2026, via email on August 11, 2026, and via phone on August 18, 2026.

[2] Fed. R. Civ. P. 37(a)(5)(A) ("If [a motion to compel discovery] is granted or if the disclosure or requested discovery is provided after the motion was filed the court *must* . .. require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (emphasis added).

the filing of a motion to compel, the Court is required to award the fees and expenses incurred in filing the motion. Only if the Court determines that the motion was filed without the moving party having made a good faith effort to obtain the discovery without court action or the Court determines that the response of the non-moving party was substantially justified or if other circumstances make an award of expenses unjust, is the Court authorized to deny the request for sanctions. The Court finds that none of these exceptions are present.

Here, defense counsel contends that an award of expense "is unnecessary, if not unjust" because the delay was due to his hospitalization for stage 2 liver cirrhosis, staff departures at the firm, and resolution of indemnity matters in this action, coupled with ongoing settlement discussions. Defense counsel, however, further states that Defendant "would be willing to reimburse the reasonable expenses necessitated by the filing of this motion with apologies to court and opposing counsel." Given Plaintiff's counsel's repeated efforts to obtain the outstanding discovery over several months, defense counsel's failure to respond, and the resulting delay in discovery, the Court finds that an award of expenses would not be unjust.

Accordingly, Defendant is hereby ordered to pay to Plaintiff the reasonable expenses and attorney's fees incurred by Plaintiff in preparing and filing the instant motion to compel. Plaintiff shall submit within **fourteen days** of the date of this Order an affidavit detailing the reasonable expenses and fees incurred in preparing and filing the instant motion. To the extent that Defendant objects to the amount of expenses and fees claimed by Plaintiff, Defendant shall file a response within **fourteen days** of service of Plaintiff's affidavit. Upon receipt of Plaintiff's affidavit and any objections by Defendant, the Court will enter an appropriate award.

DONE and ORDERED in Ocala, Florida on September 3, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party